**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SHADARRYL JAYJUAN TURNER, | CASE NO. 4:25-cv-01770 |
| Petitioner, | DISTRICT JUDGE PAMELA A. BARKER |
| vs. | |
| WARDEN DANIEL SPROUL, | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Respondent. | **REPORT & RECOMMENDATION** |

Petitioner Shadarryl Jayjuan Turner acting pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  (ECF Doc. 1 ("Petition").)  Respondent Warden Daniel Sproul ("Respondent") filed a Motion to Dismiss.  (ECF Doc. 6.)  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. For the reasons set forth below, the undersigned recommends that the Court **DISMISS** the Petition (ECF Doc. 1) and Respondent's Motion to Dismiss (ECF Doc. 6) as moot.

## I.      Procedural History

In the Petition, Mr. Turner challenged how the Bureau of Prisons ("BOP") calculated his First Step Act time credits.  (ECF Doc. 1.)  Respondent filed a Motion to Dismiss (ECF Doc. 6), but Mr. Turner did not file a response.  Because the record suggested Petitioner may have been released from state custody in April 2026, the undersigned issued an order on May 18, 2026, requiring Respondent to file a notice advising the Court as to Petitioner's custody status and requiring Petitioner to show cause, on or before June 16, 2026, why the Petition should not be dismissed as moot.  (ECF Doc. 8.)  Pursuant to that order, Respondent filed a Notice of Custody

1

Status, advising the Court that Mr. Turner "was released from BOP custody on December 19, 2025." (ECF Doc. 9.)  Respondent represented that he sent a copy of the Court's May 18, 2026 order to Mr. Turner's release address. (*Id*.)  Petitioner did not file a response showing cause as to why his Petition should not be dismissed as moot, and the deadline to do so has passed.

## II.     Discussion

"Article III, Section 2 of the United States Constitution authorizes the federal judiciary only to hear cases or controversies[.]" *Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006). Thus, "federal courts may not exercise jurisdiction when the controversy has been mooted, that is to say, when the 'issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id*. (quoting *Los Angeles County v. Davis,* 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969))).  In the habeas context, once a petitioner's sentence has expired, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

When a habeas petition attacks an underlying conviction, the Supreme Court has "been willing to presume that a wrongful criminal conviction has continuing collateral consequences," so that the petition is not mooted by the petitioner's release from custody. *Id.* at 8; *see also Gentry*, 456 F.3d at 694-95.  However, that presumption does not apply where the habeas petition challenges only the petitioner's sentence and not his conviction. *Spencer*, 523 U.S. at 12-14 (citing *Lane v. Williams,* 455 U.S. 624, 631 (1982)).  In such circumstances, the petitioner can avoid a mootness finding only if he demonstrates "collateral consequences" stemming from the alleged sentencing violation. *Id.* at 14-16; *see Witzke v. Brewer*, 849 F.3d 338, 341 (6th Cir. 2017) (finding a petitioner who disputes a parole revocation but has completed that term of

reincarceration "must demonstrate collateral consequences stemming from the revocation or else face dismissal of his claims").

Here, as reflected in Respondent's Notice of Custody Status, Mr. Turner is no longer detained by the federal government.  (ECF Doc. 9.)  In the Petition and memorandum in support, Mr. Turner solely challenged the BOP's determination regarding his eligibility for certain First Step Act time credits and the calculation of said credits.  (ECF Doc. 1, pp. 2-5.)  He did not claim that any "collateral consequences" resulted from the BOP's alleged failure to properly calculate his credits (*see* ECF Doc. 1), and he did not respond to this Court's order to show cause why his petition should not be dismissed as moot (*see* ECF Doc. 8).  Accordingly, the undersigned recommends that the Court **DISMISS** the Petition as moot.  *See, e.g., United States v. Perotti*, 702 F. App'x 322, 323-24 (6th Cir. 2017); *United States v. Goldberg*, 239 F. App'x 993, 993-94 (6th Cir. 2007).

As Petitioner was released and the Petition is moot, Respondent's arguments in the Motion to Dismiss have become moot as well.  (*See* ECF Doc. 6.)  Accordingly, the undersigned further recommends that the Court **DISMISS** the Motion to Dismiss as moot.

### III.     Recommendation

For the reasons stated above, the undersigned recommends that the Court **DISMISS** the

Petition (ECF Doc. 1) and Respondent's Motion to Dismiss (ECF Doc. 6) as **MOOT**.


Date:   June 30, 2026

/s/ Amanda M. Knapp
AMANDA M. KNAPP
United States Magistrate Judge


### <u>OBJECTIONS</u>

 Any objections to this Report and Recommendation must be filed with the Clerk of Courts
within fourteen (14) days after being served with a copy of this document.  Failure to file
objections within the specified time may forfeit the right to appeal the District Court's order.  *See
Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140
(1985).